UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM F. KEMP, JR.,

                    Plaintiff,

v.                                                                    No. 08-CV-13945-DT
                                                                      Hon. Gerald E. Rosen

WAYNE COUNTY, *et al.,*

                    Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR REHEARING

              At a session of said Court, held in
              the U.S. Courthouse, Detroit, Michigan
              on _____ April 13, 2009 _____

              PRESENT:   Honorable Gerald E. Rosen
                                Chief Judge, United States District Court

       On March 23, 2009, this Court entered an Opinion and Order dismissing Plaintiff's

Complaint, in its entirety, with prejudice.  This matter is now before the Court on

Plaintiff's April 3, 2009 "Objection to Dismissal of Complaint and Motion for Rehearing

En Banc," which the Court construes as a motion for rehearing or reconsideration.[1]

       The requirements for the granting of motions for rehearing are set forth in Eastern

District of Michigan Local Rule 7.1(g), which provides in relevant part:

       Generally, and without restricting the court's discretion, the court will not

_____

       [1]  There is no provision for "en banc" rehearings in the district court.

grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for rehearing, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). Plaintiff Kemp's motion for rehearing does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Plaintiff is merely attempting to re-hash arguments that he previously raised in litigating this matter. Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been misled.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Rehearing **[Dkt. # 11]** is DENIED. Plaintiff may not pursue an appeal without prepaying the appellate filing fee because the issues are frivolous and an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v.*

2

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  April 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record
on April 13, 2009, by electronic and/or ordinary mail.

                              s/Ruth Brissaud
                              Case Manager

3